DARRELL PIERCE et al., Plaintiffs-Appellants, v. DR. D. DeGRACIA, Defendant-Appellee.

Third District   No. 81-360

Opinion filed February 10, 1982.

James N. DeWulf, of Moline, for appellants.

Lyle W. Allen and David R. Sinn, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiffs, Darrell Pierce and Susan Pierce, filed suit against defendant, Dr. D. DeGracia, alleging breach of contract and negligence in

the physician's failure to properly perform a vasectomy on Darrell Pierce. The circuit court of Henry County dismissed certain allegations from the complaint, including those which sought damages for the expense of rearing the plaintiffs' child born as a result of the failed vasectomy.

The plaintiffs made a mutual decision to limit the size of their family to two children. In order to effectuate their decision they agreed that the husband would have a vasectomy.

On February 4, 1977, the defendant performed a vasectomy on Darrell Pierce. Thereafter, five sperm tests were evaluated by the defendant, and in December of 1977 the defendant advised the plaintiffs that the vasectomy had been successful. On October 7, 1979, a healthy male child was born to the plaintiffs.

The plaintiffs filed this action against the defendant for breach of contract and for medical negligence, requesting damages for the expenses incurred in the birth of the child, for the expense of subsequent tubal ligation performed on Susan Pierce, for the costs of raising the child to majority, for the spreading of the plaintiffs' society, care, protection and support over a larger family group, for the loss of consortium while Susan Pierce carried the child, and for the loss of earnings by Susan Pierce during her pregnancy. In addition, the plaintiffs sought punitive damages for the wilful and/or reckless conduct of the defendant.

A motion to dismiss was filed by the defendant and on June 8, 1981, the trial court dismissed all allegations in the complaint which sought punitive damages, damages for the expenses relating to the subsequent tubal ligation, damages for the expense of raising the child to majority, and damages relating to spreading plaintiffs' society, care, protection and support over a larger family group.

Leave to appeal was granted pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1979, ch. 110A, par. 308).

The issue which has been raised for our review is whether the parents of a healthy child born subsequent to an unsuccessful sterilization operation may recover damages for the expense of rearing that child to majority.

The recent case of *Cockrum v. Baumgartner* (1981), 99 Ill. App. 3d 271, 425 N.E.2d 968, dealt with this same issue. In *Cockrum* the defendant physician attempted to perform a vasectomy on plaintiff, Leon Cockrum. One month later Mr. Cockrum was given a sperm test and was told by the defendant that the operation had been a success. Six weeks following the test, plaintiff, Donna Cockrum, learned she was pregnant. The plaintiffs subsequently became the parents of a healthy male child.

The court, in an opinion authored by Justice Jiganti, held that damages should not be limited to pregnancy and birth-related costs but should include the full measure of damages proximately caused by the

physician's negligence. Therefore, all expenses in raising the unplanned child to majority could be recoverable.

The court found that the case before them was indistinguishable from an ordinary medical malpractice action and applied the standard of damages in tort which attempts to place the injured parties in the position they would have been had no wrong occurred. *Myers v. Arnold* (1980), 83 Ill. App. 3d 1, 403 N.E.2d 316.

The view that the birth of an unplanned yet healthy child is always a benefit outweighing all costs of raising the child was rejected by *Cockrum*. The court stated that the rewards of parenthood should not be allowed in mitigation of the financial loss in raising a child, for such benefits do not affect the same interest which is harmed. The right of parents to control their reproductivity is a fundamental right, and neither the individuals involved nor society is harmed by the decision to limit family size.

Justice Linn, in a special concurring opinion, agreed that the parents of the unplanned child should be allowed to seek recompense for the costs of rearing that child to majority; however, he argued that the benefits derived from the parent-child relationship should not be ignored completely in weighing damages. Any potential benefits as a result of this relationship are factors the jury should be allowed to consider in assessing damages. Family size, family income, age of parents and marital status are all elements in the determination of potential benefits.

Justice Romiti, specially concurring, joined with Justice Linn to the extent of finding that the offsetting benefits of unplanned children should neither be excluded as a matter of law from the calculation of damages nor should they be held to automatically outweigh all damages.

We agree with the reasoning of Justices Linn and Romiti in the *Cockrum* case. Their analysis would apply whether contract or tort damages are at issue.

Certainly the costs of rearing an unplanned child to majority are damages which proximately flow from either the tort of medical negligence or the breach of contract by a physician who fails to properly perform a vasectomy. In assessing damages, the jury should be allowed to consider the potential benefits of the unplanned child which may accrue to the family interests. Parental age, marital status, family income, family size and the health of all family members are factors in this consideration. The possible benefits do not automatically offset all damages nor are they to be completely ignored by the jury.

The only issue presented for our review relates to damages for the costs of raising the child to majority, the plaintiffs having abandoned any claim of error regarding other elements of damages stricken by the trial court. For the foregoing reasons we reverse the judgment of the trial court

which disallows the recovery of all costs relating to the rearing of the plaintiffs' child to majority and remand this case for further proceedings consistent with the views expressed herein. In all other respects, the judgment of the trial court is affirmed.

Affirmed in part, reversed in part and remanded.

SCOTT, P. J., and ALLOY, J., concur.